UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS RUIZ FLOREZ,

    Plaintiff,

vs.

TEDDY'S REALTY ASSOCIATES, LTD. and PAGO BROS, LLC,

    Defendants.

## COMPLAINT

Plaintiff, CARLOS RUIZ FLOREZ (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, TEDDY'S REALTY ASSOCIATES, LTD. and PAGO BROS, LLC (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant located at 211 W Broadway, New York, NY 10013 (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Southern District.

**PARTIES**

4. Plaintiff, CARLOS RUIZ FLOREZ, is over the age of 18, *sui juris*, and a resident of Queens County, New York. Plaintiff suffered a spinal cord injury as a child complete from the T-7 to T-11, has paraplegia, is bound to ambulate in a wheelchair, and is a qualified individual under the ADA.

5. Defendant, TEDDY'S REALTY ASSOCIATES, LTD., is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, TEDDY'S REALTY ASSOCIATES, LTD., is the owner of the Subject Premises.

6. Defendant, PAGO BROS, LLC, is a domestic limited liability company which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, PAGO BROS, LLC, is the owner/operator of the restaurant "PAROS" located at the Subject Premises.

7. New York Department of State Division of Corporations records show Defendant, PAGO BROS, LLC, filed the assumed name "PAROS" on July 13, 2023.

8. According to the New York State Liquor Authority, Defendant, PAGO BROS, LLC, was issued an On Premises Liquor license on May 27, 2024 for the Subject Premises.

9. PAROS, located at 211 West Broadway in New York, NY, is a Greek fine dining restaurant. The establishment offers a menu that emphasizes fresh, daily imported seafood and traditional Hellenic specialties, including dishes such as grilled whole fish, lamb shank youvetsi, and filet mignon kebabs. The interior design features whitewashed walls, high ceilings, and Cycladic-inspired elements, creating a setting that reflects the aesthetic of the Greek islands. The Plaintiff appreciates the quality of the cuisine and the ambiance at Paros. However, despite the

Plaintiff's appreciation for the establishment, significant accessibility barriers hinder their ability to fully enjoy the dining experience, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

10. On or about June 2024, and again on or about February 26, 2025, Plaintiff, in his individual capacity, visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

11. Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

12. He specifically intends to return this fall to enjoy the food and ambience and celebrate a special occasion with family and friends. He frequents this neighborhood to socialize on a regular basis and intends to return this fall and going forward if the Facility is made accessible.

13. Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

14. Beyond his personal interest in accessing the Subject Premises, Plaintiff is an advocate for individuals with disabilities and is committed to asserting his civil rights and the rights of others similarly situated.

15. Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities

Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

16. Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

17. As the Subject Premises received its State License in 2024, Plaintiff asserts that the ADA violations at the property are intentional and will not be corrected without Court intervention, further exacerbating the harm Plaintiff has suffered and will continue to endure.

18. The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

19. Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

20. Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

21. On or about June 2024, and again on or about February 26, 2025, Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

22. Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

23. Plaintiff restates Paragraphs 1-21 as though fully set forth herein.

24. Defendants, TEDDY'S REALTY ASSOCIATES, LTD. and PAGO BROS, LLC, have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

25. TEDDY'S REALTY ASSOCIATES, LTD., as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

26. PAGO BROS, LLC, as the operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

27. The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

   1. <u>The Entrance</u> – There is no accessible entrance. No accessible route or means of egress is provided; steps at all three travel paths obstruct access; the handrails on those steps are non-compliant and lack required extensions; and the clear width of each leaf of the double entrance door is insufficient in violation of

ADAAG 206, 207, 402, 403, 404, and 505.

2. <u>The Exterior Dining Area</u> – The exterior dining area is inaccessible. No accessible route is provided; existing steps obstruct access; the dining tables are too high, lack required knee and toe clearance, and do not meet the minimum number of accessible tables in violation of ADAAG 206, 226, 402, 403, 902, and 306.

3. <u>The Barside Dining Tables</u> – The barside dining tables are too high, lack required knee and toe clearance, and do not meet the minimum number of accessible tables in violation of ADAAG 226 and 902.

4. <u>The Bar</u> – The bar is too high and does not provide an accessible portion in violation of ADAAG 226 and 902.

5. <u>The Restrooms</u> – Signage identifying the three restrooms is not provided; the doors to the restrooms lack minimum clear width and maneuvering clearance; the doors swing into the required floor space; the door knobs require twisting of the wrist; the first restroom lacks required turning space; the lavatories are mounted above maximum height and lack pipe insulation; the paper towel dispenser in one restroom is mounted above allowable height; the water closets lack required clearance and are mispositioned from the side wall; grab bars are missing in two restrooms and undersized in the third; the flush control in one restroom is located on the closed side; and the coat hooks in all three restrooms are mounted too high in violation of ADAAG 213, 216, 402, 403, 404, 603, 604, 606, 308, and 309.

27. Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

28. In addition to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure public accommodations comply with the ADA. Plaintiff has visited the Subject Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Subject Premises'

compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

29. Plaintiff, in his capacity as a tester, will return to the Subject Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

30. The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

31. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

32. Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

33. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

34. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and

expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

June 23, 2025

Respectfully submitted,

*/s/ Jennifer E. Tucek, Esq.*
Law Office of Jennifer Tucek, PC
Bar No. JT2817
641 Lexington Avenue, 15th Floor
New York, New York 10017
(917) 669-6991
TucekLaw@Gmail.com
*Attorney for Plaintiff*